UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH and DEVELOPMENT TRUST,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>FIRST INTERNATIONAL DIGITAL INC., an Illinois Corp., and DOES 1-100,<br><br>　　　　Defendant(s). | No. C07-5525 JSW (BZ)<br><br>**AMENDED REPORT AND RECOMMENDATION RE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT** |

　　　On January 4, 2007, plaintiff filed this action against defendant alleging infringement of United States Patent No. 4,935,184 ("'184 patent"). Plaintiff effected service of process against defendant on November 9, 2007. After defendant failed to respond to the complaint, and upon plaintiff's request, the Clerk of this court entered defendant's default under Rule 55(a) on January 10, 2008. Plaintiff's motion for a default judgment was referred to me on January 11, 2008 by Judge Jeffrey S. White and a hearing was set for March 5, 2007. Plaintiff appeared at the

1

1  hearing.  No appearance was made by defendant.
2      Pursuant to Rule 55 (b)(2) of the Federal Rules of Civil
3  Procedure, a court may enter default judgment against a party
4  when default has already been entered by the Clerk.  By its
5  default, defendant is deemed to have admitted the
6  well-pleaded averments of the complaint, except for those
7  regarding the amount of damages.  Fed.R.Civ.P.8(d); <u>TeleVideo
8  Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir.
9  1987).
10     Plaintiff claims defendant infringed the '184 patent in
11 violation of 35 U.S.C. § 295.  It seeks damages in the form
12 of reasonable royalties and requests the court to treble the
13 damages.  Having reviewed the complaint, I find that
14 plaintiff's allegations are sufficiently well pled to
15 establish that the accused products infringed plaintiff's
16 patent.  I therefore recommend that a judgment of
17 infringement be entered.
18     As for damages, there is no precise formula to which a
19 court must adhere when determining the damages based on
20 reasonable royalty.  <u>Georgia-Pacific Corp. v. U.S. Plywood
21 Corp.</u>, 318 F. Supp. 1116, 1132 (S.D.N.Y. 1970), modified and
22 aff'd, 446 F.2d 295 (2d Cir.), cert. denied, 404 U.S. 870
23 (1971), cited with approval in <u>Parental Guide of Texas v.
24 Thomson, Inc.</u>, 446 F.3d 1265, 1270 (Fed. Cir. 2006).
25 However, the patent owner is required to prove the amount of
26 reasonable royalty damages by relevant evidence in the
27 record, not by pure conjecture.  <u>Georgia-Pacific</u> at 1121.  At
28 the hearing, plaintiff presented evidence, under seal, that

it lost of royalties in an amount over $500,000. The figure was reached by multiplying the amount of units sold by the price of the unit and the royalty rate at which plaintiff typically licenses its patent.

Plaintiff also seeks to enhance damages based on 35 U.S.C. § 284 which allows the court to enhance the damages up to three times the amount requested. Case law requires plaintiff to show clear and convincing evidence that the defendant willfully infringed the '184 patent. Braun, Inc. v. Dynamics Corp. Of America, 975 F.2d 815, 822 (Fed. Cir. 1992). In determining willful infringement the court must look at the totality of the circumstances. Id.

Here, plaintiff points to a letter sent to defendant in 2004 in which plaintiff informed defendant of the substantial likelihood that it was infringing on '184 patent. While this letter is some evidence of defendant's willful infringement, plaintiff could not provide any conclusive information about the number of accused products that were sold after the letter was sent. Rather, plaintiff's complaint suggests that defendant stopped producing the products after the letter was sent. (Pl. Compl. ¶ 40.) Because plaintiff has not satisfied its burden of establishing a willful violation of the patent through clear and convincing evidence, I recommend that damages not be trebled.

Plaintiff asks for reasonable attorneys fees in the amount of $2,512.50 pursuant to 35 U.S.C. § 285. The statute allows the court to grant fees to the prevailing party in exceptional cases, at its discretion. Plaintiff has failed

3

1  to provide any evidence that this is an exceptional case.
2      For the reasons set forth above, I **RECOMMEND** that
3  judgment be entered against defendant First International
4  Digital, Inc. finding infringement and awarding damages in
5  the amount of $500,000.
6  DATED: March 7, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

22  g:\bzall\-refs\sorensen v. first intl\amended report and recommendation.wpd